## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'24 SEP 12 PM 2:10

|  |  |
|---|---|
| ANDREW JOSEPH DICKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 1:24-cv-2219-LKG |
| v. ) | |
| ) | Dated: September 12, 2024 |
| RONALD S. WEBER, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### MEMORANDUM OPINION

On August 2, 2024, this Court directed Petitioner Andrew Joseph Dicks to supplement the above-entitled Petition for Writ of Habeas Corpus. ECF No. 4. Dicks has supplemented the petition and the Court has reviewed the original petition, his supplement to the petition, and pleadings with exhibits that were filed in *Dicks v. Weber*, Civil Action LKG-22-1408 (D. Md.) (hereinafter *Dicks I*). For the reasons stated herein, the Petition as supplemented must be dismissed.

Dicks is seeking to have the Maryland Division of Correction change the start date of his term of confinement to include his 1995 conviction because he was brought back to custody from mandatory supervision after he was arrested for multiple offenses. When the Parole Commission considered Dicks for revocation of his mandatory release, they did not revoke his mandatory release, choosing instead to allow the sentence to expire while Dicks was incarcerated serving newly imposed sentences and awaiting trial on new charges.[1] Dicks was not released from confinement when his mandatory supervision was continued because of the newly imposed sentences.

---

[1] Had the Parole Commissioner opted to revoke Dicks' mandatory release, the Commissioner would have been prohibited by Maryland law from giving Dicks any diminution credits earned on his sentence prior to his release on mandatory supervision. *See* Md. Code Ann., Corr. Servs. § 7-502(c). This is because Dicks committed new crimes while on mandatory release. *Id.*

Here, Dicks is advancing the same argument he raised in his prior case.  There, as here, Dicks claimed that he was entitled to have his term of confinement begin on the 1995 start date of his original sentence and, if this was done, he was entitled to immediate release.  In the Memorandum Opinion and Order dismissing the petition, this Court observed that Dicks had failed to raise a federal claim, a prerequisite to entitlement for federal habeas relief, because matters regarding sentence calculation and diminution of confinement credits are State law issues that do not implicate a federal constitutional right.  *See Dicks I* at ECF No. 2.

While Dicks argues that the failure to calculate his term of confinement in the manner he advocates violates his federal right to due process, the well-established law refutes such an argument.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A violation of federal due process rights occurs where there is a liberty or property interest that was deprived by State action without constitutionally sufficient procedures being implemented. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarhout v. Cooke*, 562 U.S. 216, 220 (2011), citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  Dicks' claim amounts to a claim that he is entitled to release on mandatory supervision via the application of the credits he believes he is entitled to receive.

Review of the record in *Dicks I* reveals that the State courts have examined Dicks' claim and have determined that there has been no violation of State law.  *See Dicks I* at ECF No. 1-2 at 58-59 (transcript of Jan. 17, 2022 habeas proceeding).  At the conclusion of the hearing, the State court rendered the following ruling from the bench:

> . . . I find that the dispute here, does hinge on the issue of whether the Petitioner could be continued rather than revoked, but continued and not made available for supervision.  Thus continued in his cell for want of a better term.
>
> I find no statutory or case law contrary to that practice, and quite frankly don't find that it in any way affected the application of the credits that would be relevant to this discussion.  I think it's clear that with a 2047 merged release date, that even giving Defendant [sic] all the credits for which he alleges he's entitled to, that it still only gets him to 2037.

* * *

> Therefore, I have determined that the current detention is lawful and proper and that the Petitioner is not entitled currently to a release, and therefore relief will be denied.

*Id*. The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall*, 572 U.S.415, 419-20 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Here, the state-court's ruling does not rely on an interpretation of clearly established federal law. The law at issue is Maryland law. Thus, the issue raised is not cognizable under § 2254. To the extent that Dicks seeks mandamus relief, *i.e.*, an order requiring the Maryland Division of Correction to make the changes he believes are necessary, that relief is not available from this Court. Federal courts do not have jurisdiction to issue mandamus relief in connection with State employees' conduct. *See* 28 U.S.C. § 1361 (designating an officer or employee of the United States or its agencies as being subject to mandamus jurisdiction).

Further, Dicks is not permitted to simply file additional habeas petitions asserting the same issue after this Court has ruled on the matter. Successive 2254 petitions may not be

3

considered absent the appropriate federal court of appeals authorizing this Court to consider such a petition.  *See* 28 U.S.C. § 2244(b)(3).  The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization order.  The procedural requirements and deadlines for filing the "motion" are extensive.  Consequently, the Clerk will be directed to send Dicks a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should he wish to seek authorization to file a successive petition.  It is to be emphasized that Dicks must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

The petition must be dismissed without prejudice.  A certificate of appealability must also be considered.  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Such a showing has not been made here, and thus a certificate of appealability shall not issue.  Dicks may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

LYDIA KAY GRIGGSBY
United States District Judge

4